## McGUIRE v. BRINKLEY.
### Civil Action No. 1655-M.

District Court, S. D. Florida, Miami Division.

March 20, 1947.

Robert L. Floyd (of DeCostas, Maer & Floyd), of Miami, Fla., for plaintiff.

G. T. Whitfield, of Miami, Fla., for defendant.

DE VANE, District Judge.

This case came on for trial before the court, without a jury, on March 13, 1947, and the court having heard the testimony of the respective parties, the argument of counsel and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. The suit is to recover what is alleged to be an excess payment over the ceiling price for an automobile sold by defendant to plaintiff. The parties stipulated that the automobile involved in this case, was a 1937 Ford Tudor Sedan; that the car was sold by defendant to plaintiff on or about April 16, 1946; that the ceiling price for said car, without warranty, was $235; that the ceiling price with warranty was $325 and that the automobile was sold by defendant to plaintiff as a warranted car. The issues before the court are whether a warranty was given and whether the car was sold at a price above the ceiling price.

2. Plaintiff testified that she agreed to pay and did pay $395 for the automobile and in support of her testimony produced and filed in evidence a check drawn in favor of defendant for $325 and a check drawn in favor of Canny Auto Tag Agency for $90. Plaintiff testified that when she offered defendant her check for $395 he declined to accept same and insisted upon a check for $325 and $70 in cash. Plaintiff further testified that not having the $70 in cash with her, defendant offered to go with her to the Canny Auto Tag Agency where she had to go to purchase tags and have the title transferred and that she could include in her check to the Agency, in addition to its charges, the $70 due him in excess of her $325 check. Plaintiff thereupon gave defendant her check for $325 and accompanied defendant to the office of the Canny Auto Tag Agency and drew her check in favor of this Agency for $90. Plaintiff testified that the charges of the Agency amounted to $20; that the Agency

did not have $70 in cash to pay to defendant at the time but stated to defendant, in her presence, that they would give him the $70 due him later that day.

3. Plaintiff testified that she knew nothing of the regulations of the Office of Price Administration or that she was entitled to a warranty when she purchased the car; that defendant gave her no written warranty at the time of purchase or at any subsequent date. Plaintiff further testified that she had trouble with the car on the way home from defendant's place of business that same day; that the radiator leaked badly and that she had to stop and put water in the radiator two or three times before she reached her home. Plaintiff testified further that the next morning she went back to defendant's place of business and told him about her trouble and that he refused to do anything to the car to put it in good condition and that she was compelled to buy a new radiator, at a cost to her of $37.50, before she could operate the car.

4. An employee of defendant testified that under the Office of Price Administration regulations defendant was required to attach to each second-hand automobile on his lot, a tag indicating the make of the car and other information with reference to it and also the dealer's warranty. He testified further that while he had no personal knowledge that the tag was attached to car purchased by plaintiff, at the time of purchase, it was his duty to place such a tag on all secondhand cars on defendant's lot and that prior to its purchase he had placed such a tag on said automobile purchased by plaintiff. This witness further testified that after plaintiff had had the new radiator installed in the car on the day following the sale of same to her, she returned to defendant's place of business with the receipted bill for the cost to her and demanded that defendant reimburse her for same. This witness further testified that defendant operated his own repair shop and that the radiator would have cost defendant only $21 and that defendant's mechanics would have installed it. He testified that he, therefore, offered plaintiff, on behalf of defendant, $10.50 being one-half of what the new radiator would have cost defendant, which sum plaintiff declined to accept.

No further testimony was offered by defendant.

■ 5. Upon the entire record of the case, the demeanor of the witnesses on the witness stand and their observation by the court while testifying, the court is more impressed with the testimony of plaintiff than with the testimony of defendant's witness and the court finds and holds from the testimony submitted that defendant sold said automobile to plaintiff for $395; that said automobile was sold without a warranty and that defendant charged plaintiff $160 above the ceiling price for said automobile.

■ 6. In this case parties stipulated that in the event a judgment was rendered for plaintiff and if the evidence shows that plaintiff is entitled to recover, in addition, an attorney's fee, that said fee should be fixed by the court. This case is one of three cases tried in succession against the defendant, and in the first case counsel stipulated to an attorney's fee of $200. The amount involved in the case where this fee was stipulated was less than the amount involved herein. The court, therefore, finds $200 to be a reasonable attorney's fee in this case.

### Conclusions of Law.

1. The court has jurisdiction of the parties and of the subject matter of this suit.

2. Defendant at all times concerned herein was a dealer in second-hand automobiles, wihin the meaning of MPR 540, and was authorized to sell a warranted used automobile.

3. Defendant failed to give plaintiff a warranty upon the automobile sold plaintiff and when called upon to do so failed and refused to perform under the required warranty, had one been given. Defendant charged plaintiff $160 in excess of the ceiling price for an unwarranted automobile and that the violation of MPR 540 was willful and that for such violation plaintiff is entitled to recover treble damages amounting to the sum of $480, plus an attorney's fee of $200.

Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.